IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,               No. CIV S-07-0156 FCD EFB P

    vs.

JAMES BENJAMIN CHARLES,

    Movant.                <u>ORDER</u>

                            /

    Movant is a federal prisoner, without counsel, seeking post-conviction relief. He has filed a petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2241. For the reasons explained below, the court construes the petition as a motion filed pursuant to 28 U.S.C. § 2255, and recommends that it be dismissed with leave to amend.

**I.    Facts**

    Movant has included only skeletal facts. He alleges that he was convicted pursuant to a guilty plea. Motion, at 2. However, he does not allege what court sentenced him, when judgment was entered, the offense of which he was convicted, or the sentence he must serve. It appears from the demand for relief (discussed below) that he was sentenced to a term of years followed by a period of supervised release. Motion at 15-16. Movant alleges that he did not appeal the judgment, but he did file a motion to vacate the sentence as authorized by

28 U.S.C. § 2255.  Motion, at 3.  Movant does allege that he was sentenced "in the 8th Cir. Case No.: 00-130(MJD/ESS)," and asserts that relief under 28 U.S.C. § 2255 was denied on May 29, 2002.  Motion at 3, & Attach.[1] at 15.  The information Movant has provided is inadequate for the court to determine the district of conviction.  The court has checked its records and finds that this court did not assign the referenced case number to an action under section 2255.  There is no indication that Movant was convicted in this court.

Movant alleges several grounds for relief.  The allegations are unclear, but the court gleans the following claims: (1) that the movant's sentence violates the Sixth Amendment as explained in *United States v. Booker*, 543 U.S. 220, 244 (2005); (2) that the term of supervised release violates the Double Jeopardy Clause of the Fifth Amendment; (3) that the term of imprisonment followed by supervised release violates the Eighth Amendment's prohibition on cruel and unusual punishments.  As relief, movant demands a recalculation of his "release date subtracting the 60 months supervised release time from this 188 month sentence."  Attach. at 16.

**II.     Standards and Analysis**

   **A. Proper Remedy**

Although Movant styled his request as a petition for habeas corpus under 28 U.S.C. § 2241, he fails to state a claims under that provision.  Rather, as discussed below, he appears to be seeking a remedy that is more properly pleaded under 28 U.S.C. § 2255.  However, under section 2255 it appears that this court lacks jurisdiction.

Federal prisoners have two remedies available to challenge the fact or duration of their confinement upon the conclusion of direct appeal or the expiration of time to file a direct appeal.  These remedies are a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 and a motion to vacate sentence filed under 28 U.S.C. § 2255.  In particular, § 2241(c)(3) provides

---

[1] Movant submits a form motion, and attached to it is a distinct, typewritten document setting out a table of authorities, facts and alleged grounds for relief.  This distinct document is what the court refers to as the "Attachment."

that,

> The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the constitution or laws or treaties of the United States.

Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to clarify the primacy of § 2255 as the means of federal prisoners to challenge their judgments of conviction and sentence, Congress also enacted subsection (e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

At common law, habeas corpus relief was available to federal prisoners only if the sentencing court lacked jurisdiction. *United States v. Hayman*, 342 U.S. 205, 210-11 (1951). In 1867, Congress extended the remedy of habeas corpus to all cases in which the prisoner was confined in violation of the Constitution or federal law or treaties. *Hayman*, 342 U.S. at 211. Since actions under 28 U.S.C. § 2241 may be brought only in the district of confinement, the result of the 1867 expansion was that courts with limited access to the trial record became inundated with petitions challenging the fact of the applicants' convictions and sentences. *Id.* at 212-13; *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In 1948, therefore, Congress enacted section 2255, whose purpose was to "alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court." *United States v. Andrino*,

442 U.S. 178, 185 (1979); *Hayman*, 342 U.S. at 216-17..

The overall effect of section 2255 has been to provide federal prisoners nearly the same relief as previously available under section 2241 but in a more appropriate forum, i.e., the sentencing court, while reserving actions under section 2241 for a narrow category of challenges appropriate for courts sitting in the district of the applicant's confinement. The plain language of section 2255(a) permits challenges to the sentence as it "was imposed," without regard to how the sentence is executed. *See Halprin v. United States*, 295 F.2d 458, 459 (9th Cir. 1961). Thus, it is the remedy available to federal prisoners who, like the Movant here, wish to make a collateral challenge to the judgment of conviction and sentence. *Andrino*, 442 U.S. at 184. In contrast, section 2241 is the remedy for prisoners who wish to challenge the execution of the sentence, such as decisions by the Parole Commission concerning time credit and parole suitability. *Tucker v. Carlson*, 925 F.2d 330, 331-32 (9th Cir. 1991); *Halprin*, 295 F.2d at 458-59.

With these considerations in mind, the court turns to the question of whether the instant action is a collateral challenge cognizable under section 2255 or a challenge to the execution of his sentence under section 2241.

**Characterization of this Action**

All of Movant's asserted grounds for relief are couched in terms of the trial court having imposed a sentence in excess of the maximum permitted under the law because the Sentencing Guidelines have been found unconstitutional. The relief he seeks is for the Parole Commission to "recalculate" his sentence. But if he were to prevail on his claims, only the sentencing court could order the relief Movant seeks, and it would be in the form of an order of the trial court vacating the original sentence and re-sentencing him in a manner that conforms to the Constitution and laws. *See United States v. Jackson*, 2009 WL 118092 (C.A.9 (Cal.)); (in light of *Booker*, Jackson's original sentence was vacated and he was resentenced); *United States v. Ayala*, 894 F.2d 425, 430-31 (D.C. Cir. 1990) (motion under 28 U.S.C. § 2255 is proper remedy

for claims of involuntary plea and double jeopardy). Thus, the challenges and the possible relief fall within the plain language of section 2255(a) and the court construes this action as a motion to vacate sentence pursuant to section 2255(a).

**Disposition of this Action**

Having construed this action as a motion to vacate sentence under § 2255, the court must determine whether it was filed in the proper court. The movant is confined in Lassen County, which is within this court's section 2241 jurisdiction, *United States v. Hayman*, 342 U.S. at 212-13, but not its section 2255 jurisdiction. Motions under section 2255 must be addressed to "the court which imposed the sentence . . . ." 28 U.S.C. § 2255(a). As noted above, this court has no record that the movant was convicted in this district. Instead, it appears that he was convicted and sentenced by a district court within the Eighth Circuit. Therefore, this court lacks jurisdiction to entertain Movant's challenges to his sentence and this action must be dismissed. *See United States v. Hayman*, 342 U.S. at 212, 215-219 (noting jurisdictional nature of § 2241 and § 2255); *Halprin*, 295 F.2d at 459-460 (finding that since habeas corpus was the proper remedy, the district court had jurisdiction to entertain the habeas petition before it).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is construed as one filed under 28 U.S.C. § 2255;

2. Within 20 days, movant shall file an amended motion demonstrating that he challenges a conviction in this court; and

3. Failure to make this showing will result in a recommendation that this action be dismissed for lack of jurisdiction.

DATED: June 10, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE